IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ERIC JACKSON | § | |
| VS. | § | CIVIL ACTION NO. 9:23cv49 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Eric Jackson, a prisoner confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner challenges a prison disciplinary conviction which occurred on July 20, 2022.  He states he was convicted of assaulting an officer.  The punishment petitioner received as a result of the disciplinary convicted included the loss of 15 days of previously earned good conduct time credits.

. Analysis

Under 28 U.S.C. § 2241, a federal court may only grant a writ of habeas corpus to state prisoners who are held in custody in violation of the Constitution, laws or treaties of the United

States.  Petitioner asserts he is entitled to relief under Section 2241 because he was denied due process of law during a disciplinary proceeding.

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment to the Constitution where a disciplinary action results in a sanction that implicates a liberty interest.  Prior to the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 478 (1995), courts examined state laws and regulations to determine whether a protected liberty interest was created by the use of mandatory language in a statute or regulation.

In *Sandin*, however, the Supreme Court disapproved previous cases which "shift[ed] the focus of the liberty interest inquiry to one based on the language of a particular regulation, and not the deprivation."  *Sandin*, 515 U.S. at 481.  The Court concluded that such an inquiry "encouraged prisoners to comb regulations in search of mandatory language on which to base entitlements to various state-conferred privileges."  *Id*.  The Court held that while states may under certain circumstances create liberty interests which are protected by the Due Process Clause these interests would generally be limited to "freedom from restraints which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Id*. at 483-84 (citations omitted).

As a general rule, only disciplinary sanctions which either result in loss of good conduct time credits for inmates who are eligible for release on mandatory supervision or directly and adversely affect release on mandatory supervision will impose upon a liberty interest.  *See Orellana v. Kyle*, 65 F.3d 29, 31-331 (5th Cir. 1995), ("Although *Sandin* cites with approval cases in which it was held that state law could create a constitutional liberty interest in good-time credits, or release on parole,

it is difficult to see that any other deprivations in the prison context . . . will henceforth qualify for constitutional "liberty" status.") (citations omitted).  Being sentenced to solitary confinement, loss of privileges, reduction in good time-earning classification and forfeiture of previously earned good conduct time credits if one is not eligible for release on mandatory supervision are not sanctions which impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (concluding:  (a) imposing thirty days of commissary and cell restriction as punishment merely constitutes changes in the condition of a prisoner's confinement and do not implicate due process concerns and (b) forfeiture of good conduct time credits earned by a prisoner who is not eligible for release on mandatory supervision does not implicate a liberty interest); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (release on mandatory supervision is too speculative to give an inmate a liberty interest in not being demoted to a classification at which fewer days of good conduct time credits are earned); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("the mere opportunity to earn good-time credits [does not] constitute a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause"); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988) ("An inmate has neither a protectible property nor liberty interest in his custody classification ....").

The website operated by the Texas Department of Criminal Justice states petitioner was previously convicted of aggravated sexual assault.  Section 508.149(a)(8) of the Texas Government Code provides that a person is not eligible for release on mandatory supervision if he was previously convicted of aggravated sexual assault.  As a result, petitioner was not entitled to due process of law before receiving the punishment imposed as a result of the disciplinary conviction.  This petition for writ of habeas corpus should therefore be denied.

<u>Recommendation</u>

This petition for writ of habeas corpus should be denied with prejudice.

<u>Objections</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to timely file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from entitlement to *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.   *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1430 (5th Cir. 1996) *(en banc)*.


SIGNED this 13th day of March, 2024.


_____
Zack Hawthorn
United States Magistrate Judge